Arthur Markewich, J.
Plaintiffs move for an order pursuant to rule 103 of the Rules of Civil Practice striking out the defenses first through seventh, and for summary judgment pursuant to rule 113 of the Rules of Civil Practice.
The plaintiffs are the trustees of three funds set up by collective bargaining agreement, to which this defendant is a party. The sums claimed to be due are the sums admitted to be due from the defendant, as shown by their periodic reports made pursuant to the agreements.
Defendant’s assertions of every point are sham. Contending that a denial upon information and belief concerning the com *991 plaint allegations of the making of the collective bargaining agreement was proper because it has no copy thereof, defendant now urges that the contracts submitted are not the contracts as signed. Defendant’s excuse for failure to deny specifically the items of the schedule attached to the complaint, pursuant to section 255-a of the Civil Practice Act, is untenable.
The agreements cover wages, in which fringe benefits are included.
Defendant makes no .specific denial now and, indeed, in the light of its own reports it cannot. Nor did defendant plead properly to plaintiffs’ allegations of due performance, and it does not now assemble any proofs capable of raising a triable issue thereon. In the answer the defendant sets forth defenses in which it was alleged that all of plaintiffs’ claims are barred by the Statute of Limitations, by the Statute of Frauds, by release, by waiver, by estoppel and by breach of contract. The allegations of those defenses are entirely conclusory and they are not now supported.
The defendant has served an amended answer in which there has been no substantial change made save the addition of a defense of laches. That proposed offense is not shown, to be based upon any plausible and probable ground. In the original and amended answer, there is a furthr separate defense of payments, but it, too, is not proved. And defendant’s contention with respect to application of payments heretofore made to past-due accruals as it affects the Statute of Limitations, is also untenable. The motion is granted.